NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-CV-453-JBC

LAZARO DELGADO

PETITIONER

VS:  **MEMORANDUM OPINION AND ORDER**

WARDEN JOE BOOKER

RESPONDENT

Lazaro Delgado, who is incarcerated in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed a *pro se* petition for writ of habeas corpus [Record No. 1]. He has paid the $5.00 filing fee [Record No. 2].

This matter is now before the Court for screening. 28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F.Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii)

fails to state a claim upon which relief can be granted.

Petitioner alleges that the detainer lodged against him by Bureau of Immigration and Customs Enforcement ("BICE") (f/k/a Immigration and Naturalization Service ("INS")) and served on FMC-Lexington is preventing him from participating in the Bureau of Prison ("BOP")'s 500-Hour Residential Drug Program.  Petitioner avers that upon completion of the drug program he would become eligible for a 12-month reduction in sentence and participation in other programs, including the Halfway House, Camp, and Furlough.

By letter to the petitioner dated April 27, 2005, BICE declined to remove the detainer and indicated that it was lodged "for notification purposes only."  Petitioner has invoked and exhausted the administrative grievance procedure of the Bureau of Prisons.  By letter dated August 19, 2005, the BOP denied Petitioner's appeal, citing BOP Program Statements 5330.10 and 7310.04.  The latter indicates that prisoners will not ordinarily be allowed to participate in CCC programs when pending charges or detainers against them are likely to lead to arrest, conviction, or confinement.  In his complaint, Petitioner asks that the respondent be directed to permit him to participate in the 500-Hour Residential Drug Program and to grant him a 12-month reduction in sentence upon completion of that program.

The petition must be dismissed without prejudice.  The law is well established that a prisoner cannot challenge an immigration detainer until he has actually passed into BICE custody.  The court presently lacks jurisdiction to entertain Petitioner's

claims because the petitioner is in the sole custody of the BOP, not BICE, and therefore Petitioner cannot satisfy the "in custody" requirement of 28 U.S.C. § 2241(c). The mere fact that BICE has lodged a detainer against Petitioner does not mean he is "in custody" of BICE. A BICE detainer only constitutes a notice that it may seek custody of the prisoner in the future; it does not confer custody to BICE. *See Kendall v. INS*, 261 F.Supp.2d 296, 300-01 (S.D. N.Y. 2003); *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990). Because a detainer is only a notice and does not alter the instant prisoner's status as a custodial detainee of the federal prison system, he "may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement." *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988).

Accordingly, the court being advised, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the docket of the court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Signed on November 28, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY